IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01420-MSK-CBS

MAXFOUR ENGINEERS AND ARCHITECTS, LLC,

    Plaintiff,

v.

ARB, INC.,

    Defendant;

ARB, INC.,

    Third-Party Plaintiff

v.

WESTERN HOMES CORPORATION d/b/a SILVERCREST,

    Third-Party Defendant.

_____

## OPINION AND ORDER DENYING MOTION TO DISMISS
_____

**THIS MATTER** comes before the Court pursuant to Third-Party Defendant Western Homes Corp.'s ("Western") Motion to Dismiss **(# 37)**, Third-Party Plaintiff ARB, Inc.'s ("ARB") response **(# 39)**, Western's reply **(# 40)**, ARB's sur-reply **(# 44)**, and Western's sur-sur-reply **(# 47)**.

## BACKGROUND

The Plaintiff, a construction contractor, was awarded the prime contract for certain construction work for the United States Bureau of Land Management ("BLM") in Las Vegas, Nevada. The Plaintiff subcontracted a portion of this work out to Defendant/Third-Party Plaintiff ARB. The Plaintiff's Complaint **(# 1)** asserts two claims against ARB arising out of this subcontract: (i) breach of contract, arising from ARB's failure to pay its suppliers and employees; and (ii) breach of contract, arising from ARB's failure to adequately supervise its subcontractors and perform its work. Included within the second claim is an assertion that ARB failed to adequately supervise the performance and schedule of Third-Party Defendant Western, ARB's supplier of manufactured buildings.

ARB then filed a Third-Party Complaint against Third-Party Defendant Western **(# 35)**, alleging two claims: (i) breach of contract, insofar as Western supplied ARB with buildings that allegedly deviated from the subcontracts' specifications; and (ii) a claim denoted simply as "Third-Party Claim," which appears to sound in contractual contribution and/or indemnity.

Western then filed the instant Motion to Dismiss **(# 37)**, arguing: (i) that the Court lacks subject-matter jurisdiction over the Third-Party Complaint, insofar as ARB and Western are not diverse; (ii) that Western is not subject to personal jurisdiction in Colorado; and (iii) that contribution/indemnity claim in the Third-Party Complaint fails to state a claim. ARB responded, contending that: (i) because the Court exercises diversity jurisdiction over the primary dispute between the Plaintiff and ARB, it may exercise supplemental jurisdiction over the Third-Party claims pursuant to 28 U.S.C. § 1367; (ii) Western has sufficient contacts with the State of Colorado to permit the exercise of personal jurisdiction against it; and (iii) it properly stated a

2

claim for contribution/indemnity.[1]  In reply, Western conceded several of its initial arguments, and tendered new arguments: (i) that ARB had not plead a proper third-party claim under Fed. R. Civ. P. 14(a) because neither of its third-party claims were derivative of the primary claim by the Plaintiff against ARB; (ii) that supplemental jurisdiction over ARB's contractual claim does not exist because it does not arise from the same facts as the primary claim by the Plaintiff; (iii) that the Court should decline to assert supplemental jurisdiction over the breach of contract claim; and (iv) that disputes under the contracts between ARB and Western are subject to arbitration.

Shortly thereafter, ARB and Western discussed the issues further, and concluded that the major issue requiring the Court's determination was whether the contribution/indemnity claim was properly brought under Fed. R. Civ. P. 14(a), and that additional briefing on that question was necessary.  They agreed to permit ARB to file a sur-reply, and Western to file a sur-sur-reply.  ARB's sur-reply argued that resolution of that question turned on which state's laws were applicable to the claim, and argued extensively that California law should apply.[2]  Turning briefly to the merits, it argued that under California law, "the contractual relationship between ARB and [Western] is sufficient to support" the contribution/indemnity claim.  *Citing Nomellini Constr. Co. v. Harris*, 272 Cal.App.2d 352 (Cal. App. 1969).  Western then filed its sur-sur-reply. Rather

---

[1]ARB's determination to avoid references to "indemnity" and to refer to its contribution/indemnity claim as a "pass-through" claim results in certain logical contradictions in its argument.  On one hand, it asserts that "Neither of [its] current claims asserts a right to indemnity"; on the other hand, it asserts that it "seeks to recover from [Western] some or all of the damages awarded" to the Plaintiff against it.  *Docket* # 39 at 14 (emphasis added).  Recovery from another of all the damages imposed against a party is the very essence of indemnification.

[2]In the alternative, ARB argued that Colorado law also permitted the contribution/indemnity claim.  Thus, it is not clear how the choice of law issue is allegedly dispositive of the issue.

than engaging in the same choice of law analysis or disputing that California law should apply,[3] Western instead argues that the *Nomellini* case relied upon by ARB is immaterial, as that case involved the doctrine of equitable indemnity, and ARB had already disclaimed asserting an indemnity claim. Western further argued that California had abrogated the doctrine of equitable indemnity following *Nomellini*, permitting only contractual indemnity. Finally, Western argued, in a single sentence, that it agreed only to indemnify ARB for injuries to persons or property.

## ANALYSIS

At the outset, the Court is compelled to express its concern that, despite the extensive briefing in conjunction the subject motion, the parties were unable to precisely clarify the issues in dispute, much less present the Court with well-formed arguments and competing analyses on those issues. The chain of briefs memorialize the process of discussion and focusing of the issues by counsel that D.C. Colo. L. Civ. R. 7.1(A) is intended to achieve <u>before</u> any motion is filed. As is ultimately revealed by the parties' sur-replies, counsel actually disagree less than they thought, and the exploration of positions for which there apparently is no controversy has needlessly cost the Court and the clients time and money. Nevertheless, because the issues in dispute appear to be relatively simple and straightforward, the Court is able to rule despite the parties' unfocused briefing.

### A. Standard of review

Although initially presented as a jurisdictional issue, it appears that the crux of Western's argument is that ARB's claim for contribution/indemnity fails to state a viable claim under Fed. R.

---

[3]Indeed, Western had already asserted in its reply brief that California law should apply. *Docket* # 40 at 7.

Civ. P. 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must limit its review to the four corners of the Complaint, but may also consider documents attached to the Complaint as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as unattached documents which are referred to in the Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

**B. Matters not in dispute**

At this stage, it may be helpful to review those areas upon which the parties do not appear to disagree. Fed. R. Civ. P. 14(a) permits third-party practice where third-party defendant "is or may be liable to the third-party plaintiff for all or party of the plaintiff's claim against the third-party plaintiff." A claim under Rule 14(a) must depend, at least in part, upon the resolution of the primary lawsuit. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978). Because third-party practice under Rule 14(a) is based on the same core set of facts that animate the primary dispute, a court having subject-matter jurisdiction over the primary dispute also has

5

jurisdiction over the dispute between the defendant/third-party plaintiff and the third-party defendant. *Wright, Miller et al.*, Federal Practice and Procedure, Civil 2d § 1444.

The parties also appear to agree that California law governs ARB's claims. *See Docket #* 40 at 7 (Western's argument that "California[ ] law will govern resolution of ARB's contract claims"); *Docket #* 44 at ¶ 10 (ARB's argument that "ARB's Rule 14(a) claim against [Western] should be governed by California law").

### C. ARB's claims fall within Rule 14(a)

Western argues that although ARB's claim against it is generally related to the facts underlying the Plaintiff's claims against ARB, the two sets of claims involve different sets of contracts, different acts constituting the alleged breaches of those contracts, and different available remedies. Third-party practice under Rule 14(a) does not require identity between the primary and third-party claims. The fact that the third-party defendant is not subject to the primary claims asserted by the plaintiff is no obstacle to third-party practice. *See e.g. Banks v. City of Emeryville*, 109 F.R.D. 535, 540 (N.D. Cal. 1985), *citing Huggins v. Graves*, 337 F.2d 486, 489 (6th Cir. 1964); *see also Wright, Miller et al.*, Federal Practice and Procedure, Civil 2d, § 1446 ("The third-party claim need not be based on the same theory as the main claim. For example, there are cases in which the third-party claim is based on an express indemnity contract and the original complaint is framed in terms of negligence.")

By all appearances, ARB's contribution/indemnity claim against Western is derived from and dependent upon the Plaintiff's successful prosecution of its breach of contract claims against ARB. ARB asserts that, if it is liable to the Plaintiff for failing to competently perform the contract between then, part or all of that liability is the result of Western supplying ARB with

6

inadequate materials or services. It cannot seriously be asserted that Western's conduct is unrelated to the Plaintiff's primary claim, as the Plaintiff specifically cites ARB's failure to "properly . . . manage the performance and schedule of [Western]" as one of the grounds for its suit against ARB. *Docket* # 1, ¶ 17. To the extent that defective performance by Western of its contracts with ARB exposes ARB to liability to the Plaintiff, ARB's suit against Western based on that defective performance fits nicely within Rule 14(a).

### D. Whether ARB states a claim

The sole issue left in dispute appears to be whether ARB has actually stated a viable claim for contribution or indemnity under California law.

California recognizes common-law or "equitable" indemnity, albeit in a form that more closely resembles contribution among jointly liable parties based on their comparative fault. *American Motorcycle Assn. v. Superior Court,* 146 Cal. Rptr. 183, 201 (Cal. 1978). However, where the parties expressly contract with respect to the scope and boundaries of the duty to indemnify, equitable indemnity is no longer available. *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 119 Cal. Rptr. 449, 452 (Cal. 1975). Instead, California law will give effect to the parties' contractual indemnification provisions. *See McCrary Const. Co. v. Metal Deck Specialists, Inc.*, 35 Cal. Rptr. 3d 624, 629-30 (Cal. App. 2005).

Here, ARB and Western entered into contracts which contained the following provisions:

> [Western] shall, to the maximum extent permitted by law, shall defend, indemnify, and save harmless [ARB] from and against any loss, damage, liability, cost, and expense . . . arising out of any injury (including death) to any person or damage to any property resulting from or in any way connected with the performance caused by [Western's] breach of this Purchase Order or the goods, materials or services furnished hereunder. . . To the extent that

7

> conditions, acts, activities, or conduct involve the contributory
> negligence or misconduct of [ARB], liability will be apportioned
> between the parties, according to comparative fault.

*Docket* # 35, Ex. 2, § 10.1. Western appears to argue, albeit in a highly abbreviated form, that this provision does not give rise to an indemnification claim because the Plaintiff's claim against ARB does not involve "injury . . . to any person or damage to any property." While it is true that neither the Plaintiff[4] nor ARB allege that Western's conduct caused any physical injuries or property damage, the terms of the contract do not expressly limit Western's indemnification obligation to <u>physical</u> injuries. The term "injury" in the contract appears to be ambiguous: it might refer only to physical injuries, or it might refer to the broad classes of economic injuries persons might sustain as a result of Western's breaches of the contract. At this early stage of the litigation, and absent controlling California law that deems the term "injury" as used in the contract to specifically excludes economic injuries, ARB sufficiently states a claim for contribution or indemnification under the terms of the contract. ARB has alleged that Western failed to perform as required by the contract, and that as a result, ARB sustained economic injuries, in the form of liability to the Plaintiff. This is sufficient to state a claim for contractual contribution or indemnity under California law.

### D. Arbitration

For the first time in its reply brief, Western raised the additional argument that, to the extent it has contractual liability to ARB, the parties contracted to resolve such disputes through arbitration. The Court declines to address arbitration at this time, in part because the issue was

---

[4] *See Docket* # 1, ¶ 20 ("ARB's various failures of performance have caused delays, increased costs, lost profits, damage to reputation, [and] lost economic opportunity. . . .")

raised for the first time in a reply brief, *see Stump v. Gates*, 211 F.3 527, 533 (10th Cir. 2000), and in part because Western elected to address the issue only in passing in the present briefing. To the extent Western believes that 9 U.S.C. § 4 permits it to seek to compel arbitration of ARB's third-party claims, it may file an appropriate, comprehensive motion demonstrating its right to such relief.

## **CONCLUSION**

For the foregoing reasons, Western's Motion to Dismiss **(# 37)** is **DENIED**.

Dated this 1stday of February, 2006

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge